UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY L. HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-01048-PLC |
| | ) |
| CORNELIUS BRYANT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff Larry L. Henderson's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) and his amended complaint (ECF No. 8) under 28 U.S.C. § 1915(e)(2). Having reviewed the Application and supporting financial information, the Court finds that plaintiff is unable to pay the costs associated with this action. The Court will therefore grant the motion and waive the filing fee. Additionally, for the reasons discussed below, the Court allow plaintiff to proceed on his claims under the Fair Housing Act against defendants Cornelius Bryant, Ann Rito, Champika Lindskog, HRI Communities, and Cupples Station Loft Apartments, Inc. The Court will dismiss defendant Patrick Gallagher and the plaintiff's claims asserted under the Americans with Disabilities Act.

**Legal Standard on Initial Review**

Federal law allows individuals who cannot afford court fees to file lawsuits without prepaying those fees, a status known as proceeding "in forma pauperis" or "IFP." *See* 28 U.S.C. § 1915(a). While this provision promotes access to the courts, it includes statutory safeguards that require the Court to evaluate a complaint before issuing service of process on defendants. Under this initial screening process, the Court must dismiss any complaint that (1) is frivolous or

malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court must liberally construe complaints filed by self-represented individuals under § 1915(e)(2). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the essence of an allegation is discernible, the district court should interpret the complaint in a way that allows the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Liberal construction, however, does not exempt self-represented plaintiffs from the fundamental requirement of pleading facts sufficient to state an actionable claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court will not supply additional facts or construct legal theories to support a plaintiff's claims. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

To adequately state a claim for relief, a complaint must include sufficient factual detail to demonstrate that the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are insufficient. *Id*. at 678. A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## The Complaint

Plaintiff is a disabled resident of the Cupples Station Loft Apartments ("Apartments") in St. Louis, Missouri. He lives with a neurological disorder, gait disorder, and type I diabetes. He requires a powered wheelchair for mobility.[1]

---

[1] Generally, an amended complaint completely replaces an original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). However, for this analysis—and in the spirit of liberal construction—the Court will consider plaintiff's original and amended complaints. *See Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (pro se complaint must be liberally construed; amended complaint standing alone failed to state claim but plaintiff referenced original complaint in amended complaint and clearly intended to have both complaints read together).

2

The Apartments are owned by Cupples Station Loft Apartments, Inc. ("Cupples") and operated by HRI Communities ("HRI"). In addition to Cupples and HRI, plaintiff names the following individuals as defendants: Cornelius Bryant, Assistant Manager of the Apartments; Ann Rito, the Project-Based Voucher Director and Regional Manager of HRI; Champika Lindskog, part owner and employee of the Apartments; and Patrick Gallagher, a leasing associate and the Head of Maintenance for the Apartments.

Plaintiff alleges that he requested reasonable modifications and accommodations to his apartment unit to assist with his disability. He asserts that the defendants have not completed these requested modifications and accommodations. Plaintiff further alleges that his unit suffered significant water damage from a flood in January 2024, rendering it uninhabitable, and that the defendants failed to promptly address this issue.

Plaintiff contends that the defendants' actions constitute violations of the Fair Housing Act ("FHA") and Title II of the Americans with Disabilities Act ("ADA"). Specifically, plaintiff claims the defendants: (1) made housing unavailable to him on the basis of his disability in violation of 42 U.S.C. § 3604(f)(1); (2) imposed different terms, conditions, or privileges in housing on the basis of his disability in violation of 42 U.S.C. § 3604(f)(2); (3) failed or refused to make reasonable accommodations in rules, policies, practices, or services, as necessary to afford him an equal opportunity to use and enjoy his dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); (4) interfered with his exercise or enjoyment of rights granted or protected by the FHA in violation of 42 U.S.C. § 3617; (5) excluded him from participation in and denied him the benefits of the services, programs, or activities of a public entity in violation of 42 U.S.C. § 12132; and (6) failed to make reasonable modifications to the unit in violation of Title II of the ADA. He seeks declaratory and injunctive relief, as well as monetary damages totaling $1.2 million.

**Discussion**

1. **Fair Housing Act**

The FHA prohibits discrimination in housing based on disability. 42 U.S.C. § 3604(f). Under the relevant subsection, discrimination includes refusal to permit reasonable modifications or accommodations necessary to afford an equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3). Under certain circumstances, owners, managers, and employees may be held liable for violations of the FHA. *See Meyer v. Holley*, 537 U.S. 280 (2003).

The Court finds that plaintiff has stated plausible FHA claims against defendants Cupples, HRI, Bryant, Rito, and Lindskog. He asserts that Cupples and HRI—through their agents and employees—refused to make reasonable accommodations or allow reasonable modifications that would afford him full enjoyment of the premises. Plaintiff states that he requested "modifications and other renovations" on "bathroom doors, bedrooms, entry doors, and other areas" that have not been completed. He alleges that defendant Bryant repeatedly failed to act on modification requests and began delaying approval of other modifications after one of plaintiff's caregivers rejected Bryant's advances. Plaintiff claims that defendant Rito was aware of his disability but incorrectly informed others that he had not identified any necessary modifications. As for defendant Lindskog, plaintiff states that she restricted caregivers' access to his apartment. While discovery may reveal legitimate, non-discriminatory reasons for the defendants' actions, plaintiff has alleged sufficient facts to state plausible FHA claims against these defendants. Therefore, the Court will allow plaintiff to proceed on his FHA claims against these defendants.[2]

---

[2] Plaintiff states that he has filed a complaint with the Department of Housing and Urban Development. Although that matter remains pending, the FHA does not require exhaustion of administrative remedies. *See* 42 U.S.C. § 3613(a)(2) (providing that the "aggrieved person may commence a civil action under this subsection whether or not a complaint has been filed under section 3610(a) of this title and without regard to the status of any such complaint").

The Court will not issue process for defendant Gallagher. Plaintiff states that Gallagher "assured [him] he would take [care] of the matter but did not want to deal with [Bryant] or [Lindskog]." He also asserts that Gallagher "was in charge and given notice" of plaintiff's heat and flood issues. These allegations do not permit an inference that Gallagher engaged in discriminatory conduct in violation of the FHA. *See Iqbal*, 556 U.S. at 679.

### 2. The ADA

The ADA consists of five titles, each addressing different aspects of disability discrimination and accessibility. *See Gorman v. Bartech*, 152 F.3d 907, 911 (8th Cir. 1998). Here, plaintiff asserts liability under Title II of the ADA. Title II prohibits discrimination in services provided by "public entities." 42 U.S.C. § 12132. Public entities are defined under the ADA to include state and local governments and their instrumentalities. *Id*. Plaintiff does not allege that the defendants are instrumentalities of the state or local government, nor does he establish that their participation in Missouri's low-income housing program qualifies them as public entities. Accordingly, the Court will dismiss plaintiff's ADA claims.

### Conclusion

For the foregoing reasons, the Court will allow plaintiff to proceed against defendants Cupples, HRI, Bryant, Rito, and Lindskog on his FHA claims. It is plaintiff's responsibility to provide the information necessary for service on these defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). Because plaintiff is self-represented, the Court will give him twenty-one (21) days to provide the necessary information for defendants Cupples, HRI, Bryant, Rito, and Lindskog. The Court will dismiss defendant Gallagher and plaintiff's ADA claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, plaintiff shall provide the information necessary for service on defendants Cornelius Bryant, Ann Rito, HRI Communities, Champika Lindskog, and Cupples State Loft Apartments, Inc. Plaintiff's failure to timely comply with this order, or to show good cause for his failure to provide the necessary information, will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Patrick Gallagher are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's ADA claims are **DISMISSED** without prejudice.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 18th day of November, 2024.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE