# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

**LARRY L. HENDERSON, SR.,**
Plaintiff,

V.

**CUPPLES STATION, LLC, et al.,**
Defendants.

Case No. 4:24-cv-01048-MAL

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER OF DISMISSAL, OR IN THE ALTERNATIVE, MOTION FOR RELIEF FROM JUDGMENT, AND REQUEST TO PAY FILING FEE Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)

## I. INTRODUCTION

Plaintiff Larry L. Henderson Sr. ("Plaintiff" or "Henderson"), by and through his undersigned counsel, respectfully submits this Motion for Reconsideration of the Court's Order of Dismissal entered on August 24, 2026 (Doc. #100), and respectfully requests that the Court reconsider its dismissal of this action and allow Plaintiff to pay the filing fee within ten (10) days of the Court's Order on this Motion.

Plaintiff does not dispute that his Amended Application to Proceed in Forma Pauperis ("Amended IFP Application") (Doc. #99), filed on August 20, 2026, inadvertently omitted reference to certain personal property, specifically electronics, clothing, and jewelry with a combined total value of $16,637, that had been disclosed in Plaintiff's voluntary bankruptcy petition, *In re Henderson*, Case No. 26-bk-43128 (Bankr. E.D. Mo.). This omission was the result of an inadvertent oversight during the preparation of the Amended IFP Application under significant time pressure imposed by the Court's August 13, 2026, Order (Doc. #97), not an intentional effort to conceal assets or mislead the Court.

Plaintiff recognizes the Court's concern regarding the completeness and accuracy of his financial disclosures. Accordingly, rather than continuing to pursue in forma pauperis status, Plaintiff respectfully requests that the Court reconsider its dismissal of this action and allow Plaintiff to pay the full filing fee within ten (10) days of the Court's Order on this Motion. This approach would address the Court's concerns about the accuracy of Plaintiff's IFP application, preserve the substantial progress already made in this litigation, and avoid the waste of judicial resources that would result from requiring Plaintiff to refile and begin this case anew.

This case has been pending since July 29, 2024, over two years. It has survived initial screening under 28 U.S.C. § 1915(e)(2)(B), proceeded through multiple amended complaints, been served on and answered by multiple defendants, and reached the stage of default proceedings against at least one defendant. Dismissing this matter at this advanced procedural posture, without giving Plaintiff the opportunity to simply pay the filing fee, would work a manifest injustice and waste the substantial resources already invested by the parties and the Court.

## II. PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on July 29, 2024, along with a Motion to Proceed in Forma Pauperis ("Original IFP Motion") (Doc. #2). In the Original IFP Motion, Plaintiff represented that he had $4.35 in savings and possessed no items of value.

On November 18, 2024, Senior District Judge Audrey G. Fleissig granted Plaintiff's Original IFP Motion (Doc. #9) and directed the Clerk of Court to effectuate service of process via the United States Marshal's Office on the named defendants. (Doc. #9 at 2.) The Court also entered an Order of Partial Dismissal (Doc. #10) pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissing Plaintiff's Americans with Disabilities Act claims and Defendant Patrick Gallagher without prejudice.

Thereafter, this case proceeded through active litigation. Plaintiff filed two amended complaints (Docs. #6, #8, #41). Defendants were served and entered appearances (Docs. #21–24, #27, #63). Multiple defendants answered the operative Second Amended Complaint (Docs. #47, #52, #66). An Entry of Default was entered by the Clerk of Court against Defendant Champika Lindskog on December 9, 2025 (Doc. #75). Plaintiff filed a Motion for Default Judgment to Defendant Lindskog on December 17, 2025 (Doc. #79), which was stayed by the Court on March 6, 2026 (Doc. #80).

During the course of this litigation, Plaintiff's counsel changed multiple times. Plaintiff's current counsel, David C. Mason, entered his appearance on July 15, 2026 (Doc. #93), succeeding prior counsel from Kennedy Hunt PC and Faron Legal, whose motions to withdraw were granted (Docs. #89, #94).

On July 24, 2026, the Court issued an Order to Show Cause (Doc. #95) directing Plaintiff to show cause why this case should not be dismissed under 28 U.S.C. § 1915(e)(2) because Plaintiff's Original IFP Motion represented that he had $4.35 in savings and no items of value, while his voluntary bankruptcy petition (*In re Henderson*, Case No. 26-bk-43128 (Bankr. E.D. Mo.)) disclosed assets estimated between $50,001 and $100,000, bank accounts with over $800,000, and property valued at over $13 million.

Plaintiff responded to the Show Cause Order on July 29, 2026 (Doc. #96), providing a declaration explaining the nature and restricted status of the NCCU1 accounts, ministry trust funds, and irrevocable trust assets, along with supporting exhibits.

On August 13, 2026, the Court issued an Order (Doc. #97) directing Plaintiff to refile his motion for leave to proceed in forma pauperis by August 20, 2026, including all of Henderson's assets and funds, including those not accessible to him, with the warning that "failure to file a complete and accurate form will result in dismissal of this action."

On August 20, 2026, seven days later, Plaintiff filed his Amended IFP Application (Doc. #99). The Amended IFP Application disclosed, for the first time, the NCCU1 Certificate of Deposit ($28,000), NCCU1 Ministry Trust Account ($852,196.31), NCCU1 Bonds/Mutual Funds ($98,000), and the Irrevocable Family Benefit Trust ($1,569,210.00). The Amended IFP Application also disclosed two physician-prescribed electric wheelchairs and provided detailed information regarding Plaintiff's monthly income ($1,294.00), monthly expenses ($1,450.19), and liquid funds ($0.29).

However, the Amended IFP Application did not include reference to Plaintiff's electronics, clothing, or jewelry having a combined total value of $16,637, as listed in his bankruptcy petition.

On August 24, 2026, four days after the Amended IFP Application was filed, the Court entered an Order of Dismissal (Doc. #100), dismissing this case without prejudice due to Plaintiff's failure to adequately comply with the Court's Order of August 13, 2026. The Court noted that "Henderson's most recent filings contain no mention of his electronics, clothing, or jewelry

having a combined total value of $16,637" and that "based on the Court's review of his bankruptcy filings, it is likely that if Henderson refiles, he will be required to pay the filing fee." This Motion for Reconsideration follows.

# III. LEGAL STANDARD

This Motion is brought pursuant to Federal Rule of Civil Procedure 59(e) and, in the alternative, Federal Rule of Civil Procedure 60(b). Rule 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court's Order of Dismissal was entered on August 24, 2026, and this Motion is filed within a reasonable time of that Order. To the extent this Motion falls outside the strict 28-day deadline of Rule 59(e), Plaintiff respectfully submits this Motion in the alternative under Rule 60(b), which authorizes the court to relieve a party from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect," or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). A motion under Rule 60(b)(1) must be made "within a reasonable time" and no more than one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). This Motion satisfies both requirements.

In the Eighth Circuit and the Eastern District of Missouri, motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Castaneda v. Saint Francis Medical Center*, No. 1:23-CV-00091 SNLJ, 2023 WL 6061532 (E.D. Mo. Sept. 25, 2023); *Pietoso, Inc. v. Republic Services, Inc.*, No. 4:19-CV-00148 AGF, 2020 WL 4937981 (E.D. Mo. Aug. 20, 2020); *Haynes v. Williams*, No. 4:22-CV-00448 SEP, 2022 WL 16947389 (E.D. Mo. Nov. 9, 2022). "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Id.*

Rule 59(e) motions "cannot be used to introduce new evidence that could have been adduced during pendency of the motion at issue" and are "not the appropriate place to tender new legal theories for the first time." *Castaneda*, 2023 WL 6061532, at *1. The Eighth Circuit has recognized that a court may grant a motion to alter or amend judgment under Rule 59(e) where "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) the motion is necessary to correct a manifest error of law or fact or to prevent manifest injustice."* Banister v. Davis*, 955 F.3d 678, 685 (8th Cir. 2020) (quoting* Anjelino v. City of St. Louis*, 442 F.3d 1299, 1306 (8th Cir. 2006)).

Under Rule 60(b), the decision to grant relief is "addressed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Ameriwest Business Consultants, Inc. v. Sioux Falls Argus Leader*, 502 F.3d 763, 766 (8th Cir. 2007). Rule 60(b) provides "a grand reservoir of equitable power to do justice in a particular case." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (internal quotation omitted). The Eighth Circuit has recognized that where the equities of a case favor relief, particularly where a party has made an inadvertent or excusable error and the opposing party will not be prejudiced, district courts have broad discretion to grant Rule 60(b) relief. See *In re Apex Express Corp.*, 190 F.3d 624, 629 (4th Cir. 1999) ("excusable neglect" under Rule 60(b)(1) encompasses "oversights and omissions").

Plaintiff brings this Motion on three grounds: (1) the omission of personal property from the Amended IFP Application was an inadvertent mistake and excusable neglect within the meaning of Rule 60(b)(1); (2) the dismissal of this action at its advanced procedural stage, after two years of active litigation, would prevent manifest injustice under Rule 59(e); and (3) under Rule 60(b)(6), the interests of justice justify allowing Plaintiff to pay the filing fee and continue this action rather than dismissing the case and requiring Plaintiff to start over. As set forth below, the dismissal of this action at its advanced procedural stage, after two years of active litigation, service on multiple defendants, multiple answers filed, and default proceedings entered, would work a manifest injustice, particularly where the deficiency that prompted the dismissal (an inadvertent omission on an IFP form) can be fully cured by simply requiring Plaintiff to pay the filing fee.

# IV. ARGUMENT

## A. The Omission of Personal Property Was Inadvertent, Not Made in Bad Faith

The Court dismissed this action because Plaintiff's Amended IFP Application (Doc. #99) did not include mention of Plaintiff's electronics, clothing, or jewelry having a combined total value of $16,637, as disclosed in his bankruptcy petition. Plaintiff acknowledges this omission and takes full responsibility for it. However, the omission was inadvertent, the result of a good-faith but imperfect effort to comply with the Court's August 13, 2026, Order (Doc. #97) within the seven-day deadline imposed by that Order.

Plaintiff's then-newly-entered counsel of record, David C. Mason, entered his appearance on July 15, 2026 (Doc. #93), just over one week before the Court's Show Cause Order was issued. Counsel was confronted with a complex financial situation involving multiple trust accounts,

ministry funds, irrevocable trusts, bankruptcy proceedings, and a Show Cause Order premised on allegations of untrue allegations of poverty. The seven-day turnaround imposed by the Court's August 13, 2026, Order (Doc. #97) to prepare and file a comprehensive amended IFP application that disclosed "all of Henderson's assets and funds, including those not accessible to him" was a demanding timeline.

The Amended IFP Application disclosed over $2.5 million in previously undisclosed assets, the NCCU1 Certificate of Deposit ($28,000), NCCU1 Ministry Trust Account ($852,196.31), NCCU1 Bonds/Mutual Funds ($98,000), and the Irrevocable Family Benefit Trust ($1,569,210.00), none of which had been included in the Original IFP Motion. The Amended IFP Application also disclosed two physician-prescribed electric wheelchairs and provided detailed information regarding Plaintiff's monthly income, expenses, debts, and liquid funds. The omission of the $16,637 in electronics, clothing, and jewelry was not an attempt to conceal assets, Plaintiff had already disclosed over $2.5 million in assets, but rather an oversight in the preparation of the form under significant time pressure.

The distinction between an inadvertent omission and an intentional misrepresentation is significant. Courts have recognized that while dismissal is mandatory where a plaintiff has "misrepresent[ed] his or her financial arrangements in bad faith", such as when an IFP applicant "conceals a source of income to gain access to a court without prepayment of fees", mere discrepancies or inadvertent omissions do not necessarily warrant the same treatment. *Gaskins v. Dickhaut*, 962 F. Supp. 2d 336, 342 (D. Mass. 2013). Where a plaintiff has made a good-faith effort to comply with a court order and has disclosed the vast majority of his assets, an inadvertent omission of personal property does not reflect the kind of intentional fraud or bad faith that warrants dismissal with prejudice. See *Bell v. Iozzo*, No. 22-CV-9929 (LTS) (SDA), 2023 WL 3853077, at *4 (S.D.N.Y. June 12, 2023) (distinguishing between dismissals with prejudice for intentional bad faith and dismissals without prejudice where bad faith is suspected but not definitively proven).

Here, Plaintiff disclosed the existence of the electronics, clothing, and jewelry in his bankruptcy petition — a public filing readily accessible to the Court and available in the same courthouse system. Plaintiff was not attempting to hide this information; he simply failed to transfer it to the IFP form. The Court itself was able to identify the omission by cross-referencing the bankruptcy filing, demonstrating that the information was not concealed.

### B. Plaintiff Acknowledges the Court's Concern and Offers to Pay the Filing Fee

Plaintiff recognizes that the Court has serious concerns about the accuracy and completeness of his IFP applications. The Court noted in its dismissal order that "based on the Court's review of his bankruptcy filings, it is likely that if Henderson refiles, he will be required to pay the filing fee." (Doc. #100.) The Court also noted as "[p]articularly concerning" Plaintiff's installment payment toward the bankruptcy court's filing fee, an indication that Plaintiff has at least some ability to pay court fees.

Rather than contesting the Court's assessment or attempting to relitigate the IFP issue, Plaintiff accepts the Court's conclusion. Plaintiff respectfully requests that, instead of dismissing this case and requiring Plaintiff to start over, the Court reconsider its dismissal and allow Plaintiff to pay the full filing fee ($405.00) within ten (10) days of the Court's Order on this Motion.

This approach serves multiple purposes:

1. **It cures the underlying deficiency.** By paying the filing fee, Plaintiff removes any question about the accuracy or completeness of his IFP application. The Court's concern about the omission of personal property becomes moot because Plaintiff will no longer be proceeding in forma pauperis.
2. **It preserves judicial resources.** This case has been pending for over two years. Requiring Plaintiff to refile would mean a new case number, new service of process, new briefing, and potentially new motions to dismiss, all of which would consume the time and resources of the Court, the Clerk's Office, the parties, and their counsel. All of this can be avoided by simply allowing Plaintiff to pay the filing fee in the existing case.
3. **It preserves the substantial progress already made.** This case has advanced well beyond the initial pleading stage. Defendants have been served, have answered, and have participated in discovery and motion practice. An Entry of Default has been entered against one defendant (Doc. #75). These procedural milestones should not be discarded over an inadvertent omission on an IFP form that can be cured by payment of the filing fee.
4. **It demonstrates Plaintiff's good faith.** By voluntarily offering to pay the filing fee, the very relief the Court suggested would be required upon refiling, Plaintiff demonstrates

his commitment to pursuing this case in good faith and his willingness to comply with the Court's expectations.

**C. Dismissal at This Advanced Stage of Litigation Would Cause Manifest Injustice**

The Eighth Circuit has recognized that a motion for reconsideration may be granted where necessary to "prevent manifest injustice." *Banister v. Davis*, 955 F.3d 678, 685 (8th Cir. 2020). Manifest injustice exists where a court's order results in a "fundamental and highly unfair" outcome. *Id.*

Dismissal of this case at its current procedural posture, after two years of active litigation, multiple amended complaints, service on multiple defendants, answers filed by multiple defendants, and default proceedings entered against one defendant, would work a manifest injustice for several reasons:

**1. The case has been actively litigated for over two years.** The IFP question was resolved on November 18, 2024, when Senior District Judge Fleissig granted Plaintiff's Original IFP Motion (Doc. #9). The case then proceeded through the normal course of litigation for over twenty months. Defendants appeared, answered, and participated in this litigation without objection to Plaintiff's IFP status. To dismiss the case now, based on an issue that could have been raised at the outset but was not addressed until two years later, would unfairly prejudice Plaintiff and waste the substantial efforts of all parties and the Court.

**2. Defendants have been served and have answered.** Defendants Cornelius Bryant, Ann Rito, HRI Management LLC, and Cupples Station LLC have all been served with process and have filed answers to the operative Second Amended Complaint (Docs. #47, #52, #66). Requiring Plaintiff to refile would necessitate re-serving these defendants, potentially re-litigating the same issues, and causing additional delay and expense for all parties.

**3. Default proceedings are already underway.** An Entry of Default was entered by the Clerk of Court against Defendant Champika Lindskog on December 9, 2025 (Doc. #75), and Plaintiff filed a Motion for Default Judgment as to Defendant Lindskog on December 17, 2025 (Doc. #79), which is currently stayed (Doc. #80). Requiring Plaintiff to refile would necessitate starting over on default proceedings, potentially allowing Defendant Lindskog to avoid the consequences of her failure to appear and defend.

**4. The dismissal was based on a curable deficiency.** The sole basis for the dismissal was the omission of $16,637 in personal property from the Amended IFP Application. This deficiency is entirely curable by payment of the filing fee. Where a dismissal can be cured by a simple monetary payment, dismissing the case without giving Plaintiff the opportunity to pay is a disproportionate remedy that works a manifest injustice.

**5. The prejudice to Plaintiff outweighs any prejudice to the Court or defendants.** The Court's concern about the accuracy of Plaintiff's IFP application is legitimate, but it can be fully addressed by requiring Plaintiff to pay the filing fee. There is no prejudice to the Court or to the defendants in allowing Plaintiff to pay the filing fee and continue this case, the case would simply proceed as it has for the past two years, but with the filing fee paid.

For these reasons, reconsideration of the dismissal order is necessary to prevent manifest injustice.

# V. PRAYER FOR RELIEF AND CERTIFICATE OF SERVICE

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Larry L. Henderson Sr., by and through his undersigned counsel, respectfully requests that this Court:

5. **Reconsider and vacate** its Order of Dismissal entered on August 24, 2026 (Doc. #100), and reinstate this action;
6. **Permit Plaintiff to pay the full filing fee** in the amount of $405.00 within ten (10) days of the date of the Court's Order on this Motion;
7. In the alternative, if the Court is inclined to require additional financial disclosures before permitting the case to proceed, **direct Plaintiff to file a supplemental financial affidavit** disclosing all assets, including the electronics, clothing, and jewelry valued at $16,637 referenced in his bankruptcy petition, within a time certain set by the Court; and
8. **Grant such other and further relief** as the Court deems just and proper.

Respectfully Submitted:
/s/ David C. Mason David C. Mason
Attorney for Plaintiff Larry L. Henderson, Sr
10 N. Tucker Boulevard, Room 112
St. Louis, MO 63101
(557) 214-9668
Email: dmason@stlcitysheriff.org
Dated: October 26, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, a true and correct copy of the foregoing Plaintiff's Motion for Reconsideration of Order of Dismissal, or in the Alternative, Motion for Relief from Judgment, and Request to Pay Filing Fee was filed with the Clerk of the United States District Court for the Eastern District of Missouri via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ David C. Mason David C. Mason
Attorney for Plaintiff Larry L. Henderson, Sr.
Dated: October 26, 2026